[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Colleen Slattery appeals the decision of the defendant board of firearms permit examiners dismissing her appeal to that board of a decision of the chief of police of South Windsor. The chief had denied the plaintiff's application for a permit to carry a handgun. The board acted in accordance with General CT Page 3254 Statutes §§ 29-28a and 29-32b. The plaintiff appeals to this court in accordance with § 4-183. The court finds in favor of the plaintiff.
The essential facts are not in dispute. On September 10, 1993, the plaintiff applied to the chief of police of South Windsor for a permit to carry a handgun in accordance with General Statutes § 29-28a. Subsection (b) of that statute requires the police to act on the application "not later than eight weeks" after it is made. The date required for action, therefore, was November 5, 1993.
The police did not notify the plaintiff concerning her application by November 5, 1993, but on December 1, 1993, they notified her that it was denied. She appealed to the board on February 28, 1994.
The board dismissed the plaintiff's appeal on the basis of General Statutes § 29-32b(b). That statute allows a person to appeal the refusal of a permit to the board "within ninety-days after receipt of notice of such refusal."
The plaintiff's appeal to the board was plainly within the time allowed by the literal words of the statute. The board argues, however, that in this case the eight week time limitation on the police action established an earlier de facto notice of refusal, which operated to commence the appeal period. Thus, the board argues, the police were deemed to have refused to issue the permit on November 5, 1993, when their eight week application review period expired. The board further argues that the plaintiff's appeal period began then, expiring ninety days later on February 4, 1994. The court disagrees.
As noted, the plain words of § 29-32b(b) allow a person ninety days "after receipt of notice of. . . refusal" of a permit to bring an appeal to the board. Nowhere in that statute or in § 29-28a is there any indication that the appeal period is shortened when the police delay notice of refusal. The court holds that the plaintiff had until ninety days after her receipt of the December 1, 1993 police notice to file her appeal with CT Page 3255 the board. She accomplished that in timely fashion on February 28, 1994. The board was accordingly in error in dismissing her appeal.
In deciding this case, it is not necessary for the court to affirm or reject the board's view that inaction by the police within the eight weeks allowed by § 29-28a(b) constitutes a de facto refusal and an immediate right to appeal to the board; Anticipating that the issue might arise in the future, however, the court would observe that the provisions of § 29-32b(b), as applied by the court in this case, and § 29-28a(b), as construed by the board, are not necessarily mutually exclusive. In this decision, the court's holding is limited to rejecting the board's view that an applicant's right to appeal automatically expires ninety days after the end of the eight week period specified in § 29-28a(b).
The plaintiff's appeal is sustained. In accordance with General Statutes § 4-183(k), the case is remanded to the board, and the board is instructed to hear and decide the plaintiff's appeal of the refusal of her application for a permit.
MALONEY, J.